## Harriet B. ROWBOTHAM

v.

## James MAHER et al.

No. 94–210.

Supreme Court of Rhode Island.

May 26, 1995.

Philip Weinstein, Providence.

Rebecca McSweeney, Michael McAteer, Providence, Joseph Houlihan, Newport.

### ORDER

This matter came before the Supreme Court for oral argument on May 19, 1995 pursuant to an order directing the parties to appear and show cause why the issues raised in the plaintiff's appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda submitted by the parties, we are of the opinion that cause has not been shown and that this matter should be summarily decided.

The plaintiff, Harriet B. Rowbotham, appeals from a Superior Court summary judgment entered in favor of the defendants

James and Dorothy Maher. The plaintiff argues that G.L. 1956 (1987 Reenactment) § 4–13–16 permits recovery for indirect injuries, specifically including emotional trauma resulting from the destruction of property, in this instance the destruction of plaintiff's dog by two other dogs.

Pursuant to § 4–13–16 a person may recover damages in a civil action from a dog owner where the dog causes an injury to a person or to another domestic animal. However, nothing in the statute permits recovery for emotional trauma. We therefore reject the argument advanced by plaintiff that the statute permits such recovery.

With respect to recovery under the tort of negligent infliction of emotional distress, it is the conclusion of this court that recovery is not permissible in the instant case. In this jurisdiction a third party may recover if, inter alia, the party is a close relative of the victim. *See Marchetti v. Parsons*, 638 A.2d 1047, 1052 (R.I.1994). Clearly, the victim in this case was not a relative of plaintiff.

For these reasons the plaintiff's appeal is denied and dismissed and the judgment appealed from is affirmed.

BOURCIER, J., did not participate.